IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NASRULLA KHAN,<br>    Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>    Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 1:17-cv-38<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

  Plaintiff, Nasrulla Khan, filed this *pro se* personal injury suit under 28 U.S.C. § 1346(b)(1) proceeding *in forma pauperis* in accordance with 28 U.S.C. § 1915. Plaintiff asserts injuries arising from "false and misleading FBI Reports and FBI records …."[1] These alleged false and misleading reports and records have prevented Mr. Khan from living a "happy life" and he is worried about being "arrested at anytime and anywhere."[2] The case is referred to the undersigned for disposition in accordance with 28 U.S.C. 636(b)(1)(B).[3]

## Standard of Review

  Under § 1915(e)(2) the court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against an immune defendant.[4] "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[5] When

---

[1] Complaint p. 14, docket no. 3.

[2] *Id.*

[3] The court screens this case in accordance with 28 U.S.C. §1915(e)(2).

[4] *See* 28 U.S.C. § 1915(e)(2)(B).

[5] *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).

reviewing the sufficiency of a complaint the court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[6] Because Plaintiff is proceeding *pro se* the court must construe his pleadings "liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers."[7] However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."[8] While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[9]

## Discussion

Plaintiff's Complaint alleges injuries from false and misleading FBI reports and records. For example, in 1991, a man named "Kahn" "hired a private attorney for the purpose of filing grievances with the federal government and to provide the judicial forum an opportunity to hear his allegations."[10] The late Judge J. Thomas Greene heard these allegations and dismissed them. Plaintiff asserts that his last name is "Khan" and not "Kahn" and he did not file the alleged grievances or attend a hearing in 1991. Aditional allegations from Plaintiff relate to the reports from this 1991 suit. Mr. Khan also complains of improper documentation in his file when he was laid off from Thiokol in April 1992.[11] And, Plaintiff takes issue with agencies such as the Social Security Administration,[12] Ogden Police Department[13] and the FBI. The undersigned has

---

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[7] *Id.* at 1110.

[8] *Id.*

[9] *Id.*

[10] Complaint p. 4.

[11] *Id.* at 7.

[12] *Id.* at 8.

[13] *Id.* at 9.

carefully reviewed Mr. Khan's Complaint and finds it fails to state a claim upon which relief may be granted.

Review for failure to state a claim under § 1915(e)(2)(B)(ii) uses the familiar 12(b)(6) *Twombly*[14] plausibility standard as applied to liberally construe *pro se* complaints as explained in *Kay v. Bemis*:[15]

> "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[16]

Here Plaintiff's Complaint, even when accepted as true, fails to provide sufficient facts that would give claim to a personal injury claim. "[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"[17] Otherwise, Federal Rule 8(a)(2)'s requirement of a "showing" rather than a blanket assertion of entitlement to relief will never provide fair notice to another party.[18]

Accordingly, based upon Plaintiff's failure to state a claim upon which relief may be granted, and that it would be futile to allow him to amend,[19] the undersigned hereby RECOMMENDS to the District Court that Plaintiff's Complaint be dismissed.[20]

---

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).

[15] 500 F.3d 1214 (10th Cir. 2007).

[16] *Id.* at 1217 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir.2001) and *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir.2002)) (internal quotation omitted).

[17] *Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004)).

[18] *See* Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

[19] *See Perkins*, 165 F.3d at 806.

[20] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Recommendation

The court recommends that Plaintiff's Complaint be dismissed. Copies of the foregoing Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[21] A party must file an objection to this Report and Recommendation within fourteen (14) days of being served.[22] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 30 May 2017.

Brooke C. Wells
United States Magistrate Judge

---

[21] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[22] *Id.*